IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAREN HAYES,<br>    *Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-00097-XR |
| AMY SMITH,<br>    *Defendant* | §<br>§<br>§<br>§ | |

# **ORDER**

On this date, the Court considered Plaintiff Karen Hayes's motion to remand and her memorandum in support (ECF Nos. 9, 10), Defendant Amy Smith's response (ECF No. 14), and Plaintiff's reply (ECF No. 15). After careful consideration, the Court issues the following order.

## **BACKGROUND**

This suit arises out of a car accident that allegedly occurred on November 29, 2021. ECF No. 2-1 at 2–3. On that date, Plaintiff alleges that she was stopped at the 100 Block of E. Cevallos, waiting for the car in front of her to make a right turn. *Id.* According to Plaintiff, Defendant then crashed into Plaintiff's vehicle causing Plaintiff to suffer physical injuries. *Id.*

On November 14, 2023, Plaintiff filed suit in the 438th Judicial District Court of Bexar County, Texas. *Id.* at 1. In her original petition, Plaintiff brings a claim of negligence, alleging that Defendant's negligence proximately caused the accident and Plaintiff's resulting injuries. *Id.* at 1–4. As Defendant is a resident of the state of Iowa, Defendant was then served on the Chair of the Texas Transportation Commission pursuant to Texas Civil Practice and Remedies Code, Chapter 17, Subchapter D on December 1, 2023. ECF No. 2 ¶¶ 2, 5; *see also* ECF No. 2-1 at 10. According

to Defendant, the Texas Transportation Commission then served Defendant personally by certified mail on December 19, 2023. *Id.* ¶ 5.

On January 24, 2024, Defendant removed this case from the 438th Judicial District Court to this Court based on diversity jurisdiction. *Id.* ¶¶ 4–6. Just under month later, on February 20, 2024, Plaintiff filed a motion to remand, arguing that Defendant's notice of removal was untimely filed rendering removal procedurally improper. ECF Nos. 9, 10.

## DISCUSSION

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See also Carter v. Liberty Mut. Ins. Co.*, No. SA-23-CV-00575-FB, 2023 WL 7201153, at *2 (W.D. Tex. Sept. 25, 2023), *report and recommendation adopted*, No. SA-23-CV-575-FB, 2023 WL 7190722 (W.D. Tex. Oct. 30, 2023) ("Under the federal removal statute, notice of removal must be filed within thirty days of a defendant's receipt of service.").

In addition, "[w]hen considering a motion to remand, [t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 717 (E.D. Tex. 2017) (second alteration in original) (quoting *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013)). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Id.* (quoting *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F.Supp.2d 376, 382 (S.D. Tex. 2008).

According to Plaintiff, Defendant filed her notice of removal 51 days after she was served with process, beyond the 30-day limit set by 28 U.S.C. § 1446. ECF No. 10 at 2. In reaching this 51-day calculation, Plaintiff contends that the Court should measure compliance with 28 U.S.C. § 1446(b)(1) using the date on which the Chair of the Texas Transportation Commission was served. *Id.* In response, Defendant contends her notice of removal was timely filed. ECF No. 14 at 1–2. According to Defendant, "the timeline for removal begins to run with actual receipt by the Defendant and not with receipt by the statutory agent." *Id.* (first citing *Baum v. Avado Brands, Inc.*, No. 3:99-CV-0700-G, 1999 U.S. Dist. LEXIS 17955, at *5 (N.D. Tex. Nov. 12, 1999); and then citing *Barrackman v. Banister*, No. H-06-3622, 2007 U.S. Dist. LEXIS 4310, at *2 (S.D. Tex. Jan. 22, 2007).

As Plaintiff forcefully argues in her reply, Defendant's notice of removal was untimely filed even assuming Defendant's approach is correct. ECF No. 15 at 2–3. It is undisputed that the Texas Department of Transportation sent the original petition and citation to the Defendant on December 11, 2023. ECF No. 15-1 at 1. It is further undisputed that the Defendant received the original petition and citation on December 19, 2023. *See* ECF No. 2 ¶ 5; ECF No. 15-1. Accordingly, Defendant's notice of removal needed to have been filed no later than January 18, 2024. However, Defendant's notice removal was not filed until January 24, 2024. Therefore, Defendant's notice of removal was untimely filed, and removal was thus procedurally improper.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 9) is **GRANTED**. All hearings and scheduling order deadlines in this matter are **VACATED**. The Clerk is directed to **REMAND** this case to the 438th Judicial District Court of Bexar County, Texas pursuant to 28 U.S.C. § 1447(c)–(d) and to close this case.

It is so **ORDERED**.

**SIGNED** this 8th day of March, 2024.

                                                              _____
                                                              XAVIER RODRIGUEZ
                                                              UNITED STATES DISTRICT JUDGE